UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23840-BLOOM

CHRIS KOSACHUK,

    Appellant,

v.

LIZA HAZAN,

    Appellee.
_____/

## ORDER DISMISSING APPEAL

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On November 22, 2022, Appellant Chris Kosachuk initiated this case with the filing of his Notice of Appeal. ECF No. [1]. On January 20, 2023, he filed his Initial Brief on Appeal. ECF No. [10].

On February 15, 2023, Appellee Liza Hazan filed a Motion to Dismiss Appeal, ECF No. [12] ("Motion"), in which she argues that this case should be immediately dismissed on grounds of standing, *res judicata*, collateral estoppel, and mootness. Appellant Chris Kosachuk filed a Response in Opposition, ECF No. [15], to which Hazan filed a Reply. ECF No. [17]. Hazan also moved to extend the time to file a Response Brief until after resolution of her Motion to Dismiss. ECF No. [13]. The Court granted that motion. ECF No. [14].

The Court has considered Kosachuk's Initial Brief, Hazan's Motion, the Response, the Reply, the record as a whole, and the applicable law. For the reasons set forth below, this appeal is dismissed.

    **I.**    **BACKGROUND**

This appeal is the latest in "the lengthy and tortuous history" of litigation between Kosachuk and Hazan. *Koschuk v. Hazan*, No. 22-cv-21485-RNS, Order Dismissing Bankr.

Appeal at 1 (S.D. Fla. Oct. 3, 2022). The Court refers to the brief summary of the case recently provided by the Honorable Jose Martinez:

> Appellant is a frequent filer who has repeatedly, and over the course of several years, attempted to insert himself in the bankruptcy proceedings involving Ms. Hazan. Those attempts have been repeatedly denied. Ultimately, sanctions were entered against Mr. Kosachuk for his violation of numerous orders entered by Judge Cristol.

*Kosachuk v. Hazan*, No. 22-cv-22781-JEM, Order Dismissing Bankr. Appeal (S.D. Fla. Jan. 31, 2023). At issue in the present appeal are the Bankruptcy Court's sanctions imposed against Kosachuk.

On April 2, 2022, the Bankruptcy Court held Kosachuk in contempt for filing a seventh lis pendens on Hazan's property, in violation of the Bankruptcy Court's prior orders. *See In re Hazan*, No. 16-bk-10389, Order Granting Liza Hazan's Mot. for Contempt at 3 (Bankr. S.D. Fla. Apr. 2, 2022). The Bankruptcy Court enjoined Kosachuk from "recording any further lis pendens or other notices against Liza Hazan" and warned Kosachuk that future violations of the court's orders would result in "extraordinary sanctions . . . including monetary sanctions and incarceration." *Id.* at 4.

Kosachuk did not heed the Bankruptcy Court's warning. On May 30, 2022, he filed an eighth lis pendens on Hazan's property. *See In re Hazan*, No. 16-bk-10389, Order Granting Liza Hazan's Expedited Mot. for Contempt at 2 (Bankr. S.D. Fla., June 28, 2022). The Bankruptcy Court immediately dissolved that lis pendens and again warned Kosachuk that, if he took further action to delay the sale of Hazan's property, the court would "direct the United States Marshal to take [him] into custody to detain [him] until such time as Ms. Hazan is able to complete a closing on her homestead property." *Id.* at 3. Kosachuk appealed that order to this Court. *See Kosachuk v. Hazan*, No. 22-cv-22071-RNS. On September 29, 2022, the Honorable Robert Scola dismissed Kosachuk's appeal, finding that it was "nothing more than a collateral attack on the final

judgment in the adversary proceeding." *Kosachuk v. Hazan*, No. 22-cv-22071-RNS, Order Affirming the Bankr. Ct. at 3 (S.D. Fla. Sept. 29, 2022). Judge Scola explained that Kosachuk "may have standing to challenge the contempt order entered against him," but he does not have standing "as to the *underlying case*." *Id.* at 5 (alteration in the original).

Following that dismissal, the Bankruptcy Court imposed sanctions on Kosachuk for civil contempt in the amount of $100.00 per day, starting on September 12, 2022. *In re Hazan*, No. 16-bk-10389, Order Granting in Part Further Relief at 3 (Bankr. S.D. Fla. Nov. 1, 2022). The Bankruptcy Court reduced to a Final Judgment the sanctions for the first 38 days in which Kosachuk was in contempt. *Id*. at 3. Accordingly, on November 22, 2022, the Bankruptcy Court entered Final Judgment against Kosachuk in the amount of $3,800.00. *In re Hazan*, No. 16-bk-10389, Final Judgment (Bankr. S.D. Fla. Nov. 8, 2022). The Bankruptcy Court's Order imposing sanctions of $100.00 per day and Final Judgment of $3,800.00 are the subject of Kosachuk's instant appeal.

In Hazan's Motion to Dismiss, she argues that this appeal should be dismissed on grounds of standing, *res judicata*, collateral estoppel, and mootness. ECF No. [12]. Kosachuk's Response does not address those issues in any detail, but contends he has standing to appeal the Bankruptcy Court's judgment entered against him. ECF No. [15]. Hazan's Reply reiterates the arguments made in her Motion. ECF NO. [17].

## II. DISCUSSION

### A. Jurisdiction

The Court first addresses whether it has jurisdiction to consider Kosachuk's appeal of the Bankruptcy Court's Order and Final Judgment imposing sanctions upon him. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

3

"Due to the nature of bankruptcy proceedings, which 'often involve numerous creditors who are dissatisfied with any compromise that jeopardizes the full payment of their outstanding claims against the bankrupt,' special rules have been developed to govern which parties may appeal a bankruptcy court order." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1324-25 (11th Cir. 2014) (quoting *In re. Westwood Cmty. Two Ass'n*, 293 F.3d 1332, 1334 (11th Cir. 2002)). The Eleventh Circuit has adopted the "person aggrieved doctrine" as the "standard for determining whether a party can appeal a bankruptcy court's order." *Id*. (citing *Westwood*, 293 F.3d at 1335). That standard "limits the right to appeal a bankruptcy court order to those parties having a direct and substantial interest in the question being appealed." *Id.* (quotation marks omitted). "[T]his doctrine defines aggrieved persons as those individuals who are 'directly, adversely, and pecuniarily affect[ed]' by a bankruptcy court's order." *Id*. (quoting *Westwood*, 293 F.3d at 1337-38.

As Hazan correctly notes, this Court has repeatedly affirmed the Bankruptcy Court's decisions that Kosachuk lacks standing in the underlying bankruptcy case. *See Kosachuk v. Hazan*, No. 22-cv-22071-RNS, ECF No. [34], Order Affirming the Bankr. Ct. at 3 (S.D. Fla. Sept. 29, 2022). However, that does not mean that he lacks standing to challenge the sanctions orders at issue here. By ordering Koschuk to pay Hazan $3,800, the Bankruptcy Court's Final Judgment against Kosachuk "directly, adversely, and pecuniarily affects" Kosachuk. *Westwood*, 293 F.3d at 1337-38. There is no doubt that he "[has] a financial stake in the order being appealed." *Id.* at 1335.

A related issue is whether the appealed orders constitute "final judgments" such that Kosachuk has a right to appeal as of right, or if they are "interlocutory orders" which Kosachuk can appeal only "with leave of the court." 28 U.S.C. § 158(a). In *In re Macneal*, 308 F. App'x 311, 316 (11th Cir. 2009), the Eleventh Circuit addressed an analogous situation. There, the

bankruptcy court had imposed sanctions against a debtor who lacked standing to appeal the final judgment resolving an adversary proceeding because he had "no direct financial stake in the resolution of the claims that belonged to the bankruptcy estate[.]" *Id*. at 316. The *MacNeal* court concluded: "Because MacNeal did not have standing to appeal the final disposition of the adversary proceeding, the order that imposed a sanction was immediately appealable[.]" *Id*. Here, too, while Kosachuk lacks standing to appeal the final disposition of the bankruptcy proceeding, he can nevertheless appeal the sanction imposed against him. *Id. Cf. In re Lang*, 642 B.R. 76, 83 (M.D. Fla. 2022) (considering a Bankruptcy Court's order denying sanctions to be a "final order," when that decision was entered after the conclusion of the bankruptcy case).

    **B. Scope of the Appeal**

Hazan additionally argues that the instant appeal is barred by the doctrines of *res judicata*, collateral estoppel, and equitable mootness. ECF No. [12] at 13-16. As Judge Scola previously determined, Kosachuk may not re-litigate the validity of the bankruptcy court's final judgment, "which has been upheld by this Court and the Eleventh Circuit." *Kosachuk v. Hazan*, No. 22-cv-22071-RNS, Order Affirming the Bankr. Ct. at 4 (S.D. Fla. Sept. 29, 2022). A review of Kosachuk's Initial Brief on Appeal reveals that he is indeed attempting to relitigate that issue. As Kosachuk openly admits, he "is seeking to prove that the confirmed plan is in default and the bankruptcy should be dismissed." ECF No. [10] at 17. The Eleventh Circuit and this Court have repeatedly held that several doctrines preclude him from relitigating that issue. *See In re Hazan*, 10 F.4th 1244, 1251-52 (11th Cir. 2021) (affirming dismissal on the ground of equitable mootness); *Koschuk v. Hazan*, No. 22-cv-21485-RNS, Order Dismissing Bankr. Appeal at 1 (S.D. Fla. Oct. 3, 2022) (dismissing for lack of standing); *Kosachuk v. Hazan*, No. 22-cv-22071-RNS, Order Affirming the Bankr. Ct. at 3 (S.D. Fla. Sept. 29, 2022) (dismissing under the

5

doctrine of *res judicata*); *Kosachuk v. Hazan*, No. 22-cv-22781-JEM, Order Dismissing Bankr. Appeal (S.D. Fla. Jan. 31, 2023) (dismissing for lack of standing).

Similarly, Judge Scola has already determined that "Kosachuk's filing of a lis pendens was indeed a sufficient basis for the Bankruptcy Court to find him in contempt of its order." *Kosachuk v. Hazan*, No. 22-cv-22071-RNS, Order Affirming the Bankr. Ct. at 4 (S.D. Fla. Sept. 29, 2022) (citing *Catanzarite v. Mikles*, 20-61032-CIV, 2021 WL 7368741, at *4 (S.D. Fla. July 28, 2021) (Smith, J.), *aff'd*, 2022 WL 703963 (11th Cir. Mar. 9, 2022)).

Accordingly, the only issue that is arguably before the Court is whether the Bankruptcy Court abused its discretion in imposing sanctions in the amount of $100 per day against Kosachuk. *See, e.g.*, *In re Macneal*, 308 F. App'x at 316-17; *In re Lang*, 642 B.R. at 83-84. Kosachuk's Initial Brief barely touches upon that issue. *See generally* ECF No. [10]. Construed liberally, however, he appears to argue that he was denied due process prior to the imposition of sanctions because he was not warned that filing an eighth lis pendens would result in sanctions, or because he did not have an adequate opportunity to be heard prior to the invocation of sanctions. *Id*. at 14-15.

Unfortunately for Kosachuk, the record refutes his claims. The Bankruptcy Court clearly and unequivocally warned Kosachuk that filing another lis pendens would result in "extraordinary sanctions . . . including monetary sanctions and incarceration." *See In re Hazan*, No. 16-bk-10389, Order Granting Liza Hazan's Mot. for Contempt at 4 (Bankr. S.D. Fla. Apr. 2, 2022). Moreover, the Bankruptcy Court afforded Kosachuk an opportunity to be heard and to speak at the hearing prior to imposing sanctions. *See In re Hazan*, No. 16-bk-10389, Transcript of September 9, 2022 Hearing (Bankr. S.D. Fla. Oct. 18, 2022). At that hearing, Kosachuk admitted that he filed the lis pendens in question. *Id.* at 22. Thus, Kosachuk's due process claims are without merit.

Case No. 22-cv-23840-BLOOM

Kosachuk's Initial Brief contains no other cognizable argument as to how the Bankruptcy Court abused its discretion in imposing sanctions against him. *See generally* ECF No [10].

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Appellee Hazan's Motion to Dismiss, **ECF No. [12]**, is **GRANTED IN PART AND DENIED IN PART**.

2. This appeal is **DISMISSED WITH PREJUDICE**.

3. All other pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 3, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Chris Kosachuk
854 Pheasant Run Rd.
West Chester, PA 19382

chriskosachuk@gmail.com